1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11   FLUID RX, INC., a Delaware corporation,           CASE NO. 06cv1777-LAB (RBB)

12                                    Plaintiff,        **ORDER RECONSIDERING
                     vs.                                DENIAL OF MOTION FOR
13                                                      CONTEMPT; AND ORDER TO
                                                        SHOW CAUSE RE: CONTEMPT**
14   GARY W. ROY, an individual, GARY W.
     ROY, doing business as GWR
15   SPECIALTY AUTOMOTIVE PRODUCTS;
     ALDOSOFT ENGINEERING, a company of
16   unknown origin,

17                                   Defendants.
     _____

18   GARY W. ROY, an individual, and GARY
     W. ROY, doing business as GWR
19   SPECIALTY AUTOMOTIVE PRODUCTS,

20                             Counter-Claimants,

21                     vs.

22   FLUID R. INC., a Delaware corporation;
     RON SCHORNSTEIN, an individual; and
23   RON McELROY, an individual,

24                           Counter-Defendants.

25

26          On December 18, 2006, the parties jointly moved for a preliminary injunction.  On

27   January 9, 2007, the Court issued an order granting the joint motion and preliminarily

28   enjoining Defendant Gary Roy ("Roy").  As part of the injunction, Roy was ordered to either

1    (1) transfer the URL fluidrx.com (the "domain name") to himself as registrant; or (2) provide

2    Plaintiff FluidRx, Inc. with the identity and contact information for Aldosoft.[1]  Control of the

3    website is at issue in this case.  On the basis of the parties' briefing on this issue, it is

4    apparent Plaintiff was concerned that Roy might conceal the ownership of the domain name,

5    or might transfer the domain name away from himself to defeat this Court's ability to grant

6    relief.

7           On March 29, 2007, Plaintiff filed a motion requesting that Defendant Gary Roy be

8    held in contempt for failure to abide by the preliminary injunction to which he had stipulated.

9    In reply, Roy countered "All contact information for Aldosoft has been and continues to be

10   available to FluidRX, Inc. and counsel since the inception of this suit." (Reply in Opp'n, filed

11   April 3, 2007, at 2:20–21.) He then provided the contact information for "AlcoSoft Networks."

12   (*Id.* at 2:23.)  He added that this is the only contact information he has for Aldosoft, and

13   suggested that Plaintiff FluidRx had already made contact with Aldosoft using this contact

14   information." (*Id.* at 3:2–4.)

15          Reasoning that many possible business relationships between Aldosoft and AlcoSoft[2]

16   might explain the difference in names (*e.g.*, Aldosoft might be a subdivision or brand of

17   Alcosoft, or Alcosoft might serve as the contact for Aldosoft), the Court denied Plaintiff's

18   request for sanctions. (Order of July 23, 2007, at 3:27–4:4.)  The Court, however, ordered

19   Roy to provide a written explanation to Plaintiff explaining the relationship between Aldosoft

20   and Alcosoft — or, if he did not know what the relationship was, an explanation of why he

21   was unaware of it.  In so ordering, it was the Court's intention to require Roy to provide

22   Plaintiff with the means to contact the current owners of the domain name.  Roy made clear

23   

24          [1] Roy previously declared "Currently, I maintain the website fluidrx.com and have done
     so continuously since I developed and registered it in January 2005." (Am. Decl. of Roy,
25   filed Oct. 16, 2006, at 9:8–9.)  Roy also represented that he "set up a domain name[ ]
     fluidrx.com . . . " (Opp'n to Mot. for Prelim. Inj., at 5:16–17) and that he had obtained the
26   fluidrx.com domain at his own expense.  (*Id.* at 6:10–11.)  However, Aldosoft was believed
     to be the owner of the domain name. (Mot. for Prelim. Inj., Ex. H (printout showing owner
27   of domain name).)

28          [2] The variant "Alcosoft" is also used in the pleadings and was used in the Court's
     order of July 23, 2007.

1    he had registered the domain name and was, until he complied with the preliminary

2    injunction, using the website for his own business purposes.  Because Roy is able to control

3    the content of the website, it stands to reason he would know who actually owned the

4    domain name, or at least he would know how to contact the owners.  It is apparent that Roy

5    is in the best position to know who owns the domain name, but thus far has not clearly

6    disclosed this information.

7        Now, Roy appears to be arguing that when he supplied the contact information for

8    AlcoSoft Networks and represented it as the contact information for Aldosoft, he in fact had

9    no idea what connection, if any, existed between the two, and therefore had no idea whether

10   what he filed was accurate.[3] Although Roy was only required to provide Plaintiff with an

11   explanation, he has gone further by providing this information to the Court as well.  The

12   information he has provided casts doubt on his earlier representations, however, and

13   suggests he has not been fully candid with the Court.  His declaration raises the clear

14   possibility that he has knowingly filed inaccurate or misleading documents with the Court,

15   and, rather than being unable to comply with the Preliminary Injunction, he is choosing not

16   to do so.  In view of this, and as an exercise of its "discretion to consider its prior, non-final

17   decisions," *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir.

18   1989), the Court now **RECONSIDERS** its order of July 23, 2007 denying Plaintiff's motion

19   to hold Roy in contempt.

20       The Court therefore **ORDERS** Roy, within seven calendar days from the date this

21   order is entered, to file a declaration with the Court stating the name and contact information

22   for the person or entity that owns the URL fluidrx.com.[4]  If he cannot do so, he must within

23   the same time limit file a declaration explaining clearly and in detail  why he cannot do so,

24   and he must provide as much information as he knows concerning who the owner or owners

25   / / /

26

27   _____

        [3] This appears to be a violation of Fed. R. Civ. P. 11(b).

28      [4] In speaking of ownership of the URL, the Court is accepting the terminology of the
joint motion.

are and how they may be contacted. Roy is particularly admonished to communicate plainly, unambiguously, and candidly in his declaration.

In view of Roy's apparent evasiveness, Roy is also **ORDERED TO SHOW CAUSE** why the Court should not now hold him in contempt for violating the Preliminary Injunction by failing to either (1) transfer the URL fluidrx.com (the "domain name") to himself as registrant; or (2) provide Plaintiff FluidRx, Inc. with the identity and contact information for Aldosoft. Roy is also **ORDERED TO SHOW CAUSE** why he should not be sanctioned pursuant to Fed. R. Civ. P. 11 for his earlier representations to the Court regarding the contact information for Aldosoft.[5]

Roy may show cause by filing a memorandum, no longer than five pages in length (not counting any appended or lodged material) no later than fourteen calendar days from the date this order is entered. Roy is advised that he must go beyond the unsatisfactory explanations he has thus far provided. Plaintiff may, if it wishes, file a response subject to the same length restrictions no later than twenty-one calendar days from the date this order is entered.

**IT IS SO ORDERED**.

DATED: August 14, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[5] *See supra* note 3 and accompanying text.